IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BILLY JAMES KING** **PLAINTIFF**

**v.** **CIVIL CASE NO. 1:24-CV-106-RP**

**COMMISSIONER OF**
**SOCIAL SECURITY** **DEFENDANT**

## JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Billy James King brought this action for judicial review of an unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF #22. The undersigned held a hearing on February 5, 2025. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court finds the Commissioner's decision is not supported by substantial evidence and should be reversed and remanded.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 23, 2022. At step two, he found that the plaintiff has the severe impairments of attention deficit and hyperactivity disorder (ADHD), dependent personality disorder, avoidant personality disorder, intermittent explosive anger, and mood disorder. At step three, he found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform a full range of work at all exertional levels, but with the following limitations:

---

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

> The claimant can perform routine and repetitive tasks. The claimant can understand, remember, and carry out short, simple instructions; sustain concentration, persistence, and pace for two-hour blocks of time. The claimant can make simple work-related decisions. The claimant can occasionally interact with supervisors. The claimant can infrequently or incidentally interact with coworkers; but never interact with the general public. The claimant can adapt to occasional and gradually introduced changes in the workplace. The claimant can read simple words and sentences. The claimant cannot manage money. The claimant cannot operate commercial vehicles. The claimant should avoid exposure to hazardous moving machinery. The claimant cannot work at a specific [pace] or production rate pace.

At step four, the ALJ found that the plaintiff is not capable of performing any of his past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the medium, unskilled jobs of kitchen helper, bus cleaner, and janitor. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff makes two arguments on appeal, the primary one of which the court finds has such merit as to warrant reversal and remand of the Commissioner's decision.[11] The plaintiff argues that the ALJ committed error at step five of the sequential evaluation process by relying on the vocation expert's testimony without obtaining a reasonable explanation for an apparent unresolved conflict between the VE's testimony and the occupational information in the Dictionary of Occupational Titles. Specifically, the plaintiff argues that there is an apparent conflict between the VE's testimony that an individual limited to following "short, simple instructions" can perform the identified jobs, on one hand, and the DOT's occupational information indicating that each of those jobs requires a reasoning level of 2, on the other hand. According to the plaintiff, the ALJ erroneously relied on the VE's testimony without obtaining a

---

[11] For the reasons stated on the record during the hearing in this matter, the court finds that the plaintiff's other argument -- that the ALJ failed to properly consider the severity of the plaintiff's obesity – does not warrant remand because said failure, while erroneous, is harmless under the circumstances.

reasonable explanation for this conflict as required by SSR 00-4p. In opposition, the Commissioner argues that there is no conflict, and that even if there were, the plaintiff forfeited it by failing to raise it at the administrative hearing. The court agrees with the plaintiff.

The DOT assigns each job a "reasoning development" level on a six-tiered scale from Level 1 (simplest) to Level 6 (most complex). DICTIONARY OF OCCUPATIONAL TITLES, App'x C, § III, 1992 WL 688702 (4th ed. 1991). Whereas jobs with Level 1 reasoning require an individual to "[a]pply commonsense understanding to carry out simple *one- or two-step* instructions," jobs with Level 2 reasoning require an individual to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." *Id.* (emphasis added). Whereas Level 1 instructions are limited in length, Level 2 instructions are not. As such, there appears to be a conflict between Level 2 reasoning and a restriction to "short" instructions.

Although it appears the Fifth Circuit has not decided whether such a conflict exists, a number of other circuits have answered this question in the affirmative. In *Leach v. Kijikazi*, the Ninth Circuit found that whereas Level 1 jobs require following instructions "involving at most two steps," Level 2 jobs "with 'detailed but uninvolved … instructions' could require an employee to follow lengthy simple instructions." 70 F.4th 1251, 1257 (9th Cir. 2023) (emphasis in original) (reversing district court judgment affirming Commissioner's decision denying benefits where ALJ did not ask VE to explain apparent conflict between "short, simple" instructions and Level 2 reasoning). In *Buckwalter v. Acting Commissioner of Social Security*, the Eleventh Circuit stated, "[t]he primary difference between levels one and two is the *length* of the instructions – not the complexity." 5 F.4th 1315, 1323 (11th Cir. 2021) (emphasis in original) (finding no apparent conflict between "simple" instructions and Level 2 reasoning). In *Lawrence*

*v. Saul*, the Fourth Circuit stated, "'Short' is inconsistent with 'detailed' because detail and length are highly correlated." 941 F.3d 140, 143 (4th Cir. 2019) (finding no apparent conflict between "simple" instructions and Level 2 reasoning). *See also Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019) (vacating district court judgment affirming Commissioner's decision denying benefits where ALJ failed to ask VE to explain apparent conflict between "short, simple" instructions and Level 2 reasoning).

A number of district courts both within and outside the Fifth Circuit have reached the same conclusion. *See, e.g., Tyler C. v. Commissioner of Social Security,* No. 4:24-cv-00879, 2024 WL 4584600, at *4-5 (S.D. Tex. Oct. 25, 2024) (finding apparent conflict between instructions "of no more than three steps" and Level 2 reasoning); *David M. v. Kijakazi*, No. 3:22-cv-02166-N-BT, 2023 WL 8007388, at *5-6 (N.D. Tex. Oct. 11, 2023) (finding apparent conflict between "short" instructions and Level 2 reasoning and collecting cases finding same), *report and recommendation adopted*, 2023 WL 8006408 (Nov. 17, 2023).

In support of her argument that there is no such conflict, the Commissioner cites but a single case, *Powell v. Kijakazi*, in which the district court found that jobs performed at Level 2 reasoning are not inconsistent with the claimant's RFC limiting her to following "short, simple" instructions, and that therefore there was no conflict between the VE's testimony and the DOT. No. 3:21-CV-02226-G-BH, 2023 WL 2563738, at *14 (S.D. Miss. Feb. 27, 2023), *report and recommendation adopted,* 2023 WL 2563088 (Mar. 17, 2023). However, in support of its finding, the *Powell* court relied on decisions of other courts finding no apparent conflict between *simple* instructions and Level 2 reasoning – not decisions addressing whether *short* instructions conflict with Level 2 reasoning. *Id.* As such, the undersigned is uncertain whether the dispute before the *Powell* court was focused on the "short" aspect of the instructions at issue in that case

or, rather, on the "simple" aspect. In any event, the decisions supporting the plaintiff's argument in this case are more persuasive, and the court follows those decisions in finding that there is an apparent conflict between "short" instructions and Level 2 reasoning.

In support of her argument that the plaintiff forfeited any conflict by not raising it at the administrative hearing, the Commissioner relies on *Carey v. Apfel*, in which the Fifth Circuit stated that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." 230 F.3d 131, 146-47 (5th Cir. 2000). However, *Carey* does not, as the Commissioner suggests, stand for the principle that any and all conflicts between VE testimony and the DOT are forfeited if not raised at the administrative hearing. Rather, *Carey* forfeiture applies only to implied conflicts that do not become apparent until further inference is made. *Id.* (distinguishing "direct and obvious" conflicts and "less obvious" conflicts from purported conflict identified by Carey that "does not even become apparent until the further inference is made …").

District courts in the Fifth Circuit have specifically considered whether the conflict between "short" instructions and Level 2 reasoning is forfeited under *Carey* if not raised at the administrative hearing, and those courts concluded that said conflict is not the type that can be forfeited under *Carey*, and that an ALJ commits reversible error by failing to ask the VE to explain the conflict as required by SSR 00-4p. *Tyler C.*, 2024 WL 4584600, at *4-5; *David M.*, 2023 WL 8007388, at *6. This court follows those courts.

This decision does not hold that individuals restricted to following short instructions are categorically limited to jobs with Level 1 reasoning. There may be certain Level 2 jobs that such

individuals can perform, but such a conclusion must be supported by a reasonable explanation from a VE, and under SSR 00-4p, the Commissioner has the obligation to obtain such an explanation, not the claimant.

For these reasons and for those announced on the record at the conclusion of oral argument, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

This, the 18th day of February, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE